**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| United States of America,           )<br>                                    )<br>          Plaintiff,                )<br>v.                                  )<br>                                    )<br>Ricardo Mendez, Jr.,                )<br>                                    )<br>          Defendant.                )<br>_____) | CR-10-3019[3]-TUC-DCB<br><br><br><br>**ORDER** |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Motion to Suppress Seizure of Firearms and Motion to Sever Defendant. Before the Court are a Report and Recommendation and Objections. The Magistrate Judge recommends that the Court deny the motion to suppress and grant the motion to sever. The Court will adopt the recommendation to deny the motion to suppress but will decline to adopt the recommendation to sever the Defendant, as explained below.

**DISCUSSION**

In the Objection, the Government argues against severing this Defendant, as follows:

> The government alleges in Count One of the indictment that between approximately February, 2007, and October, 2007, Carlos Celaya and others named in the indictment engaged in a conspiracy to export firearms to Mexico. A further object of the conspiracy included making false statements on the

ATF Form 4473 to obtain the firearms. Ricardo Mendez is alleged to have specifically engaged in and promoted the conspiracy during transactions that occurred on March 20, 2007.

On March 20, 2007, Ricardo Mendez, Carlos Celaya, and two others went to the home of a Federal Firearms Licensee (hereinafter FFL). The government alleges in Count One of the indictment that Ricardo Mendez, Carlos Celaya, and at least one of the others selected guns which would be smuggled to Mexico. In addition, the government alleges in Count Six that on that same date Ricardo Mendez purchased a .38 caliber weapon for Rigoberto Contreras, also charged in this case with conspiracy. Rigoberto Contreras was arrested in possession of that gun approximately two months later.

* * *

Federal Rule 8(b) permits the government to join defendants for trial if they participated in the same transaction or series of transactions. Even when joinder is proper, however, a court may sever a defendant pursuant to Rule 14 if there is substantial prejudice.

The test for prejudice is that of "a serious risk that a joint trial would compromise a specific trial right..." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). However, even if a risk of prejudice is shown, severance is not required if other relief, such as a limiting instruction, would lessen that risk. *Id.* at 538-539.

In *United States* v. *Escalante*, 637 F.2d 1197, 1201 (9th Cir.), *cert denied*, 449 U.S. 856 (1980) the court noted that the burden is high and delineated specific substantive rights that should be considered to result in prejudice if compromised, thus requiring severance. According to the court in *Escalante*, a defendant must show interference with one of the following substantive trial rights: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of *Sixth Amendment* confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant. *Id.* [citations omitted]. Although the weight of the evidence, or disparity between the evidence against defendants, is not one of those substantive rights, in a rare case the disparity might be so great as to require severance. In the majority of cases, however, the court's instructions to the jury are sufficient to limit prejudice. *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986).

Neither Ricardo Mendez, in his original motion, nor the magistrate judge in his report and recommendations, suggest

2

> that any substantive right of the defendant will be compromised if there is a joint trial. To the extent that the evidence against others may be more substantial than against Mr. Mendez, this Court will no doubt instruct the jury that they cannot infer guilt from Mr. Mendez's association with others against whom there is more evidence, and that they must consider the evidence separately as to each defendant.
>
> At this time, the government anticipates that many of the same witnesses would be called in a joint trial as in the severed count. Certainly the federal firearms dealer would be called in any trial, as well as certain investigating agents. The original investigating agent is no longer in the Tucson office and would have to travel from New Mexico to appear at any trial. It would be unfair to these witnesses and a poor use of the government's and court's resources to require these witnesses to appear and testify in at least two trials.

(Objections at 2-3.)  No response to the Objections was filed.

After a de novo review of the Report and Recommendation and the Government's Objections, the Court will deny the motion to sever. There is a strong preference in the federal system for joint trials. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  A defendant does not have a right to a separate trial. *United States v. Cardall*, 885 F.2d 656, 667 (10th Cir. 1989).  The conspiracy allegation is sufficient to link the Defendants to each other and the series of offenses. *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978).  Here, the Court does not find that joinder of the Defendant will compromise a specific trial right or prevent the jury from making a reasonable judgment about guilt or innocence.  *United States v. Koon*, 34 F.3d 1416, 1436 n. 17 (9th Cir. 1994).  Cautionary instructions will be given to the jury if and when required. *United States v. Davis*, 663 F.2d 824, 832 (9th Cir. 1981).

### ORDER OF THE COURT

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **DECLINES TO ADOPT** the Report and Recommendation (Doc. 89) with reference to the Motion to Sever.  The Motion to Sever (Doc. 42) is **DENIED**. The Objections (Doc. 92) raised by the Government are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation (Doc. 89) with reference to the Motion to Suppress and that motion (Doc. 32) is **DENIED**.

DATED this 26th day of April, 2011.

David C. Bury
United States District Judge